**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GARY P. MULLANE,                          )
                                          )
            Petitioner,                   )
                                          )
                                          )
v.                                        )        Case No. 03-10040-02-WEB
                                          )                05-3444-WEB
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Respondent.                   )

MEMORANDUM AND ORDER

Now before the Court is the timely motion of petitioner Gary P. Mullane to vacate, set aside

or correct his sentence under the provisions of 28 U.S.C. § 2255.  Petitioner alleges multiple claims

of ineffective assistance of counsel.

I.  BACKGROUND

A review of the record reflects that petitioner was arrested in Kansas along the I-70 interstate

on February 15, 2003.  (Doc. 51).  Petitioner pled guilty on September 23, 2003 to Count 1 of the

indictment, which charges a violation of 21 U.S.C. § 841 (a) and (b), intentionally possessing with

the intent to distribute approximately 158.3 kilograms of marijuana .  (Doc. 52).  At sentencing, the

Court determined that the base offense level was 26.  U.S.S.G. § 2D1.1(a)(3)(c)(7).  Additionally,

the Court reduced two levels for acceptance of responsibility; consequently, Petitioner's total

adjusted offense level was 24.  U.S.S.G.  § 3E1.1(a)(b).  Judgment was entered and the Court

sentenced petitioner to 100 months imprisonment at the low end of the applicable guideline range.

-1-

(Docs. 57, 62).  Petitioner made a direct appeal and his conviction was affirmed on March 2, 2005.

(Doc. 83).  On November 23, 2005, petitioner requested relief under 28 U.S.C. § 2255.  (Doc. 90).


## II.  STANDARD.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citations omitted).  "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993).  Petitioner may establish cause for the procedural default by claiming ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The right to effective assistance of counsel is defined as a two part test in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 687-688.  Second, Petitioner must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Under the second prong of *Strickland*, an error at sentencing which increases the calculation of the sentence can constitute prejudice.  *Glover v. United States,* 531 U.S. 198, 203 (2004).

When assessing whether a petitioner is entitled to an evidentiary hearing on an ineffectiveness claim, the petitioner bears the burden of alleging facts, which if proved, would entitle

the petitioner to relief.  *Hatch v. State of Okla.*, 58 F.3d 1447, 1457 (10th Cir. 1995).  Conclusory

allegations will not warrant a hearing.  *Id.*  The district court must hold a hearing on a motion under

section 2255, "unless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief."  28 U.S.C. § 2255.


### III.  ACCEPTANCE OF RESPONSIBILITY.

Petitioner argues that his counsel was ineffective for failing to argue that he deserved a three

level reduction in the offense level because he was entitled to this under the 2002 Guidelines and

use of the 2003 Guidelines was an ex post facto violation.  Petitioner also alleges that his counsel

was ineffective for failing to inform him of the option to obtain the three level reduction in exchange

for the suppression hearing.  The Government responds that the 2003 Guidelines allow for a three

point reduction only upon a formal motion by the Government, the use of the 2003 Guidelines is not

an ex post facto violation and his attorney did inform him of the option of a third level reduction.


A.  Ex Post Facto.

Petitioner argued in his traverse that use of the 2003 Sentencing Guidelines violated the ex

post facto clause of the Constitution.  Specifically, Petitioner claims he was denied a third level

decrease for acceptance of responsibility under the 2003 Guidelines because he filed a motion to

suppress; whereas, under the 2002 Guidelines he would have received the third level decrease

despite having filed a motion to suppress.  Because pro se motions are construed liberally, the Court

ordered additional briefs on this subject.

The Tenth Circuit has held, "[t]he sentencing court generally must apply the sentencing

guidelines in effect on the date of sentencing rather than those in effect at the time of the offense. The Ex Post Facto Clause, however, prohibits retroactive application of an amended guideline provision if the amendment disadvantages the defendant" *United States v. Orr*, 68 F.3d 1247, 1267, 1252 (10th Cir. 1995) (*quoting United States v. Gerber*, 24 F.3d 93, 95-96 (10th Cir. 1994)). The amended section 3E1.1 in the 2003 Guidelines was not in effect when Petitioner committed his offense; however, it was in effect when Petitioner was sentenced.

Section 3E1.1 of the 2002 Guidelines states:

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense decrease the offense level by 2 levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1)    timely providing complete information to the government concerning his own involvement in the offense; or

(2)    timely notifying authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (2002).

In interpreting this section of the 2002 Guidelines, the Tenth Circuit held "where a defendant has filed a non-frivolous motion to suppress, and there is no evidence that the government engaged in preparation beyond that which was required for the motion, a district court may not rely on the fact that the defendant filed a motion to suppress...to justify a denial of a the third level reduction..." *United States v. Marquez*, 337 F.3d 1203, 1211 (10th Cir. 2003).

However, the 2003 Guidelines changed Section 3E1.1 as follows:

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense decrease the offense level by 2 levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level

> determined prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (2003) (emphasis added).

In the 2003 version of the Guidelines, the district court no longer has discretion to permit the additional third level decrease except upon motion by the government. This change was effected "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." Id. cmt. n. 6.

The Government stated in its brief that prior to sentencing it gave Petitioner a choice to either receive the additional third level for acceptance of responsibility or continue with a suppression hearing. Petitioner chose to file a motion to suppress; consequently, the government did not make a motion to grant the third additional point under section 3E1.1.

Petitioner argues under the 2002 Guidelines, case law proscribed the use of a suppression hearing to deny the third point for acceptance of responsibility; consequently, this was an ex post facto violation. The government argues that the change in section 3E1.1 from 2002 to 2003 was merely procedural and was not an ex post facto violation.

"[T]o fall within the *ex post facto* prohibition, two critical elements must be present: first, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it." *Miller v. Florida*, 482 U.S. 423, 430 (1987 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). "[N]o *ex post facto* violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure

which do not affect matters of substance." *Miller*, 482 U.S. at 430 (quoting *Dobbert v. Florida*, 97 S. Ct. 2290, 2298 (1977)).

"A law is retrospective if it changes the legal consequences of acts completed before its effective date." *Miller*, 482 U.S. at 430 (internal quotations omitted). Petitioner committed his crimes on February 15, 2003, when the 2002 version of section 3E1.1 was in effect. (Doc. 51). The sentencing was conducted on December 10, 2003, using the 2003 version of the Guidelines. (Doc. 62). As previously discussed, the 2003 version section 3E1.1 changed the way acceptance of responsibility was determined.

The second prong of this query is also met. Petitioner was disadvantaged by the use of the 2003 version of section 3E1.1 as he did not receive the third level decrease for acceptance of responsibility because the Government made him choose between the additional level of reduction and a suppression hearing. Under the 2002 version of section 3E1.1 and the *Marquez* case, Petitioner would have been entitled to a third level decrease despite the suppression hearing.

The government argues that there is no ex post facto violation because the change in section 3E1.1 from 2002 to 2003 was a procedural change that did not alter Petitioner's substantial rights. The Court agrees that this change was procedural as it shifted responsibility from the courts to the government for the determination of a defendant's eligibility for the third level decrease for acceptance of responsibility; however, "a change in the law that alters a substantial right can be *ex post facto* even if the statute takes as seemingly procedural form." *Miller,* 482 U.S. at 433 (internal quotations omitted).

Under *Marquez*, a court cannot refrain from awarding the third level decrease because of a suppression hearing. *Marquez,* 337 F.3d at 1203. However, under the 2003 version of the section

3E1.1, the government, not the courts, has discretion to determine a defendant's eligibility for the third level decrease.  However, *Marquez* did not similarly limit the government's discretion.  This is evident as the third level decrease was refused because Petitioner's chose to have a suppression hearing.  Because the government is not subject to the limitations in *Marquez*, the right afforded a defendant under *Marquez* was rendered nugatory through the use of the 2003 Guidelines.  *Cf. U.S. v. Groves*, 369 F.3d 1178, 1183 (10th Cir. 2004) ("If a guideline amendment contradicts either the plain meaning of the preexisting guideline or controlling case law, that amendment is necessarily substantive"); see *Collins v. Youngblood,* 497 U.S. 37, 47 (1990) (ex post facto applies to laws which increase the punishment).  The Court holds the 2003 version of section 3E1.1 substantively altered a defendant's rights; consequently, its use during sentencing violated the ex post facto clause.

By failing to notice this ex post facto violation, Petitioner's counsel fell below an objective standard of reasonableness.[1]  Furthermore, had he objected, the resulting sentence would have been different.  *Glover v. United States,* 531 U.S. 198, 203 (2004) (Under the second prong of *Strickland*, an error at sentencing which increases the calculation of the sentence can constitute prejudice).  Consequently, Petitioner's counsel was ineffective during sentencing.

## IV.  SIXTH AMENDMENT VIOLATIONS.

Petitioner claims the Court's finding that he was on probation when he committed this offense needs to be found by a jury; consequently, two points should be subtracted from his criminal history score.  U.S.S.G. § 4A1.1(d).  Petitioner makes the same argument with respect to the additional criminal history point due to the commission of this crime less than two years after release

---

[1] The Court also notes that it too failed to notice the ex post facto violation.

from imprisonment.  U.S.S.G. §4A1.1(e).  Petitioner argues that his counsel was ineffective for failing to raise these arguments because they violated his Sixth Amendment rights in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Petitioner's argument is meritless.  The Tenth Circuit has stated that "the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions."  *United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005); see *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998) (a judge may determine a fact of prior conviction without violating the Sixth Amendment).  The court also held, "the prior conviction exception extends to subsidiary findings such as whether a defendant was under court supervision when he or she committed a subsequent crime."  *Id.* (internal quotations omitted). Clearly the Court's finding that Petitioner was on parole when he committed the offense in this case is directly covered by *Corchado* and not in violation of the Constitution.

Similarly, the Court holds its finding that Petitioner committed this crime less than two years after release from imprisonment is a subsidiary finding about a prior conviction; consequently, it need not be proven to a jury.  *See United States v. Estell,* 160 Fed. Appx. 698, 701 (10th Cir. 2005). "These findings need not be submitted to a jury because such facts are merely aspects of the defendant's recidivist potential, are easily verified, and their application for purposes of enhancing a sentence requires nothing more than official records, a calender, and the most self-evident mathematical computation."  *Id.*  Because there was no Sixth Amendment violation, Petitioner's counsel was not deficient or ineffective for failing to raise this issue.

V.  MITIGATING ROLE.

-8-

Petitioner argues that his counsel failed to effectively argue for his eligibility for a sentence reduction based on his minor role under section 3B1.2.  See U.S.S.G. § 3B1.2 (allowing for a 2, 3 or 4 level reduction based on a defendant's minimal or minor role in the offense).  Petitioner states that his counsel's arguments were unprofessional and guaranteed a negative outcome.

Counsel made an objection to the pre-sentence report which stated Petitioner's eligibility for the reduction under section 3B1.2.  Counsel argued:

> First, item 38, Adjustment for Role in the Offense, fails to make any reduction from the base offense level due to the minimal or minor role of my client in the crime for which he conditionally pled guilty.  The facts and circumstances of this case support the reasonable conclusion that Mr. Mullane's participating in the crime was that of a mule.  His role was limited to driving a truck that contained a significant amount of illegal drugs, which were concealed from plain view.  The co-defendant Mr. Peterson was the titled owner of the truck Mullane was driving; he was also the named lessee of the rental vehicle he was using to follow Mullane.  The evidence supports the conclusion that Mr. Peterson's role was to supervise Mullane, albeit from a distance.  There is no showing that Mr. Mullane exercised dominion over the contents concealed in the truck's bed, knew where the drugs originated from, to whom the drugs were to be delivered, and negotiated a price for the drugs or any of the other necessary roles in a drug conspiracy.  The role Mullane played is analogous to that of an unskilled deliveryman at a construction site.  It would not be reasonable to describe such a delivery person as serving in a major role at the construction site; the major roles at a construction site belong to the foreman, architects and skilled tradesman.  I believe Mr. Mullane should receive a four level decrease pursuant to U.S.S.G. § 3B1.2."

(PSR at 25).

The Court denied this objection at sentencing and supplemented the ruling with a written order. (Doc. 60).  Petitioner carries a heavy burden when raising an ineffective assistance of counsel claim.  *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002) (quotations omitted).  "[T]he general presumption of objective reasonableness requires a petitioner to overcome a presumption that, under all the circumstances, the challenged action might be considered sound trial strategy.  *Id.* (quotations and citation omitted).

Petitioner's arguments are without merit because he has failed to show how counsel's

remarks were not sound strategy.   Counsel cited the relevant facts to highlight Petitioner's minimal

involvement with the drugs.  See U.S.S.G. 3B1.2 application note 3(C) (a determination under this

section is heavily dependent upon the facts of the particular case).   Counsel compared Petitioner's

involvement to that of Petitioner's co-defendant and made a useful analogy to illustrate Petitioner's

minor role.  *See United States v. Arredondo-Santos*, 911 F.2d 424, 426 (10th Cir. 1990) (section

3B1.2 requires a Court to weigh the culpability of one participant against another).   This strategy,

while ultimately unsuccessful, falls well within what can be considered sound trial strategy.  *Id*.

(counsel's strategic or tactical decisions are presumed correct unless they are completely

unreasonable, not merely wrong).

Petitioner further contends that his counsel was ineffective for failing to raise this issue on

direct appeal.

> A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular
> issue on appeal, although it is difficult to show deficient performance under those
> circumstances because counsel need not (and should not) raise every nonfrivolous claim, but
> rather may select from among them in order to maximize the likelihood of success on appeal.
> Thus, in analyzing an appellate ineffectiveness claim based upon the failure to raise an issue
> on appeal, we look to the merits of the omitted issue, generally in relation to the other
> arguments counsel did pursue.  If the omitted issue is so plainly meritorious that it would
> have been unreasonable to winnow it out even from an otherwise strong appeal, its omission
> may directly establish deficient performance; if the omitted issue has merit but is not so
> compelling, the case for deficient performance is more complicated, requiring an assessment
> of the issue relative to the rest of the appeal, and deferential consideration must be given to
> any professional judgment involved in its omission; of course, if the issue is meritless, its
> omission will not constitute deficient performance.

*Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotations and citations omitted).

The Court found this issue to be without merit when counsel made his objection to the pre-

sentence report.  The Court explained, "[t]he defendant's assertions in the Presentence Report that

he was merely a driver with no knowledge of the distribution plan are not persuasive.  The facts of

-10-

the offense suggest the defendant likely had ample knowledge of the plan and that he played an essential role, together with his co-defendant, in the distribution of the drugs." (Doc. 60 at 2).

Petitioner argues that the facts show he had a minor role. He wasn't involved in the cultivation of the drug, the vehicle which he drove was the co-defendant's, and he had no cellular phone but his co-defendant had two cellular phones. These facts do not convince the Court that a reduction in offense level is warranted for a minor participant. "Drug couriers, allegedly under the direction of others, are not necessarily minor participants under section 3B1.2...." *United States v. Donaldson*, 915 F.2d 612, 615 (10th Cir. 1990); see also *United States v. Ballard,* 16 F.3d 1110, 1115 (10th Cir. 1994) (the Tenth Circuit has refused to adopt a per se rule that couriers are minor or minimal participants). While the vehicle driven by Petitioner was not his, it was the vehicle inside which police officers discovered 158 kilograms of marijuana. This fact shows Petitioner was more culpable than his co-defendant. Moreover, the Court recognizes that the drug distribution plan would have been impossible without Petitioner's participation. See *United States v. Carter*, 971 F.2d 597, 600 (10th Cir. 1992) (A courier is an essential cog in any drug distribution scheme). Because this issue is without merit, counsel was not deficient for failing to raise it on direct appeal.

IT IS ORDERED that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 90) be GRANTED in part and DENIED in part.  The sentence imposed by the Court is hereby vacated.  The Court shall re-sentence Petitioner on October 20th, 2006 at 11:00 a.m. Petitioner is to be appointed counsel and sentencing may be conducted via telephone conference with the consent of the parties.

SO ORDERED this 13th  day of September, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge