IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )   No.  03-10040-02-WEB
                                  )
GARY MULLANE,                     )
                                  )
            Defendant.            )
                                  )

**Memorandum and Order**

This matter came before the court on June 29, 2011 for a hearing on a Violation Report from the Probation Office.  The court heard evidence from both parties, including testimony from the defendant.  After hearing the evidence, the court orally ruled that the defendant had violated the terms of his supervised release, and it imposed a sentence of 36 months' custody. This written memorandum will supplement the court's oral findings.

In sum, the evidence showed that Leavenworth Kansas police received information that defendant Gary Mullane and his wife, Laury Reed, were trafficking in methamphetamine. Officers conducted surveillance on an apartment in the defendant's name at 104 S. 5th Street in Leavenworth.  Officers saw the defendant coming and going from the apartment building on four or five occasions, and they also saw Ms. Reed coming and going.  Mr. Mullane's silver Monte Carlo was seen at the apartment.  The police had information that Ms. Reed recently had been caught with a sizeable amount of methamphetamine.  Officers obtained a search warrant for the apartment and went to execute it shortly after 11 a.m. on April 28, 2011.  They knocked and announced their presence, but no one answered.  After repeated attempts to get the residents to

open the door, officers used a battering ram to break it open.  Officers encountered the defendant as he was coming out of a bathroom located inside the apartment's only bedroom.  Laury Reed was in the bedroom.  Officers found a baggie in the bathroom containing about 9.3 grams of methamphetamine.  Mr. Mullane had at least $150 in cash in a pair of pants.  Officers found items indicative of drug distribution in the apartment, including baggies and digital scales.  There was evidence that Mr. Mullane was living at the apartment, including men's clothing, photographs of him and Ms. Reed, and mail with his name on it.  In a closet in the bathroom, officers found a container with a yellow liquid in it.  Ms. Reed later explained that it was urine and said that they used it to successfully pass urinalysis (UA) drug tests.  An additional quantity of urine was found in the kitchen freezer.  An agent testified that Mr. Mullane admitted he had been trying to get rid of the methamphetamine when the officers were entering the apartment, and he also admitted that he was a methamphetamine user.

Prior to the above-described incident, the defendant had tested positive for cocaine on four occasions.  The last of those tests was in April of 2010, after which he entered and completed a program for substance abuse and mental health treatment.  From the completion of that program in August of 2010 until his arrest in April of 2011, probation had no information indicating any unlawful drug use or possession by the defendant.  After the April 2011 incident, a warrant was issued by this court for defendant's arrest.   When he was arrested by U.S. Marshals at the U.S. Probation Office, a pat-down search revealed that the defendant was wearing a "Whizzinator," a device designed to hold "clean" urine to allow a person to successfully pass a UA drug test.

Mr. Mullane testified at the hearing.  Among other things, he claimed: that he had not

been living at the apartment but only came to see his wife the prior evening when she called him and told him she had been caught distributing methamphetamine; that he was not involved in drug use or distribution and was not aware of his wife's distribution until he received that call; that he intended to dispose of all the drug-related items in the apartment but the police arrived before he did so; that he only obtained the Whizzinator the day before it was discovered, and that he got it because he had just started taking Xanax to help him sleep and panicked because he didn't have a prescription for that drug; that he thought all the baggies at the apartment were part of his wife's "bedazzler" kit; that he didn't answer the door when the police arrived because he was on the commode; and that he did not report his arrest to the U.S. Probation Office because his wife "asked him not to report it so she could have time to say goodbye to her kids...."

Based on the evidence, the court concludes that the Government has shown more likely than not that the defendant knowingly aided and abetted or participated in the possession of methamphetamine with intent to distribute. The defendant's testimony was simply not credible, and the circumstances of his being found in his apartment with methamphetamine, baggies and scales, all tend to show that he knowingly possessed the drug with intent to distribute. The defendant's use of a Whizzinator – which, just when the court thinks it has seen everything, something new pops up (so to speak) – is evidence of an intent to deceive the Probation Office and the court and does not speak well of the defendant's credibility.

The court concludes that the defendant has committed another federal crime – the possession of methamphetamine with intent to distribute (a Grade A violation); that he unlawfully possessed and used a controlled substance; and that he failed to notify the Probation Office within 72 hours of arrest, all in violation of the conditions of his supervision. The court

3

further finds that the term of supervised release should be revoked. After considering the policy statements and the factors in Section 3553(a), the court concludes that a custodial sentence of 36 months, at the high end of the advisory range, is appropriate in this case.

IT IS SO ORDERED this __30th__ Day of June, 2011, at Wichita, Ks.

                                                  s/Wesley E. Brown
                                                  Wesley E. Brown
                                                  U.S. Senior District Judge