IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-10040-02-WEB |
| | ) | |
| GARY MULLANE, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum and Order

Defendant Gary Mullane appeared before this Court on June 29, 2011 for a hearing on a Violation Report. The Court found Mullane violated the terms of his supervised release, and imposed a sentence of 36 months imprisonment. Mullane filed an appeal with the Tenth Circuit. After filing the appeal, Mullane filed numerous motions in the District Court, including a Motion for Preliminary Transcripts (Doc. 160), Motion for Order to Travel with Appeal Paperwork (Doc. 162), Motion for Return of Property (Doc. 163), Motion for Transcripts (Doc. 164), and Motion for Transcripts of Phone Records (Doc. 165).

A review of the Tenth Circuit Appeal Docket shows that on August 19, 2011 a letter was sent to Mullane from the Tenth Circuit Clerk returning documents sent by Mullane to the Tenth Circuit. Mullane attempted to file pro se motions. The Court informed Mullane that he was represented by counsel, and all requests to the Court must go through appointed counsel. The Court refused to file the documents sent by Mullane. A similar letter was sent to Mullane on August 11, 2011 in response to his request to travel with his appeal paperwork and a request for a new attorney. The Court stated that since Mullane was represented by counsel, all motions and requests must come through counsel.

Since Mullane has been directed by the Tenth Circuit to file all requests through counsel,

and since the motions filed in the District Court directly relate to his appeal, this Court will adopt the Tenth Circuit's order.  Therefore, Mullane's Motion for Preliminary Transcripts (Doc. 160), Motion for Order to Travel with Appeal Paperwork (Doc. 162), Motion for Transcripts (Doc. 164), and Motion for Transcripts of Phone Records (Doc. 165) denied as moot.

Mullane also filed a Motion for Return of Property (Doc. 163).  Mullane set forth in the motion that he was arrested while at the Kansas City, Kansas probation office, and his car was stolen from the Federal building.  Mullane states that his car is currently located in a tow yard in Independence Missouri, and requests this court to order storage fees be waived, that he be allowed to pay tow fees while he is in prison, and allow a friend to pick up the vehicle.  This Court construes Mullane's motion under Rule 41(e).  Fed.R.Crim.Pro 41(e) can be used to request the return of property seized by a state or federal agency if (1) the federal government had actual possession of the forfeited property, (2) the federal government had constructive possession of the property because it was considered evidence in a federal prosecution, or (3) the "property seized by state officials acting at the direction of federal authorities in an agency capacity."  <u>Clymore v. United States</u>, 164 F.3d 569, 571 (10th Cir. 1999).    In the case at hand, Mullane has not shown the federal government had actual possession of the forfeited property.  Mullane states that he drove the car to the Federal building.  This fact is insufficient to show that the car was seized by a federal agency.  There is no evidence that the car was considered evidence in Mullane's criminal case.  Finally, Mullane has set forth no evidence that the car was seized at the direction of federal authorities.  The Court also notes that Mullane has not set forth an argument on how this Court has jurisdiction over the property, or the tow company and storage company located in Missouri.  Mullane's Motion for Return of Property (Doc. 163) is denied as Mullane has not presented evidence of the seizure of his vehicle or  federal

involvement.

IT IS THEREFORE ORDERED that Mullane's Motion for Preliminary Transcripts (Doc. 160), Motion for Order to Travel with Appeal Paperwork (Doc. 162), Motion for Transcripts (Doc. 164), and Motion for Transcripts of Phone Records (Doc. 165) be denied as moot.

IT IS FURTHER ORDERED that Mullane's Motion for Return of Property (Doc. 163) be denied.

IT IS SO ORDERED this 20th day of October, 2011.

Wesley E. Brown
Senior United States District Court Judge